The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAMM PETERSON,

Plaintiff,

v.

TOMMY BAHAMA GROUP INC, *et al.*,

Defendants.

NO. 2:26-cv-2123-BJR

**ORDER REMANDING CASE FOR LACK OF STANDING**

## I. INTRODUCTION

This matter comes before the Court on consideration of the parties' Joint Status Report in response to the Court's September 21, 2026 Minute Order. ECF No. 35. The Court instructed the parties to inform it whether they stipulate to remand or raise different jurisdictional arguments than those raised in *Haley v. Tommy Bahama Group, Inc.*, Case No. 2:25-cv-1969.[1] Having reviewed the materials,[2] the record of the case, and the relevant legal authorities, the Court will remand this

[1] The instant case was reassigned to this Court in June 2026 after Defendants filed a Notice of Related Case about *Haley*. ECF Nos. 23, 29. On September 18, 2026, this Court ordered remand of the *Haley* case to King County Superior Court for lack of standing. *Haley v. Tommy Bahama Group, Inc.*, No. 2:25-cv-1969, 2026 WL 2797982 (W.D. Wash. Sept. 18, 2026).

[2] Including the Notice of Removal, ECF No. 1; Supplement to Notice of Removal Ex. 1, State Court Records, ECF No. 4-1; Am. Compl., ECF No. 5; and the parties' Joint Status Report, ECF No. 35.

case to the Circuit Court of Maryland for Baltimore County. The reasoning for the Court's decision follows.

## II. BACKGROUND

Plaintiff, Pamm Peterson (hereinafter "Plaintiff" or "Peterson"), originally filed this putative class action in the Circuit Court of Maryland for Baltimore County alleging that Tommy Bahama Group Inc ("Tommy Bahama") had sent her and other consumers—in both Washington and Maryland—marketing emails with false or deceptive subject lines, in violation of Washington's Commercial Electronic Mail Act ("WCEMA") and Consumer Protection Act ("WCPA"), as well as of Maryland's Commercial Electronic Mail Act ("MCEMA"), Md. Code Ann., Commercial Law §§ 14-3001, *et seq.*[3] Am. Compl. ¶ 3, 64–103. Specifically, Plaintiff alleges that Tommy Bahama sent emails containing subject lines that misleadingly informed consumers that they would receive a "FREE" gift, which was contradicted by the body of the email stating that a consumer's receipt of the free gift was contingent on their spending a minimum amount. *Id.* ¶¶ 2–3, 21. Plaintiff highlights examples of such misleading emails that Tommy Bahama sent consumers in 2025. *Id.* ¶¶ 39, 44. Plaintiff's CPA claim is premised on her WCEMA cause of action. *Id.* ¶¶ 76–83. Plaintiff seeks actual or statutory damages and attorneys' fees and costs. *Id.* ¶¶ 83–84, 99. Tommy Bahama removed the case to the District Court of Maryland on December 19, 2025, asserting diversity jurisdiction under 28 U.S.C. § 1332(a), and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 1453. Notice of Removal at 1–5. The case was transferred to the Western District of Washington in June 2026. ECF Nos. 18, 20.

---

[3] Peterson originally filed this action on October 6, 2025, naming a different defendant, Tommy Bahama R&R Holdings, Inc., which she later voluntarily dismissed. Notice of Removal at 1 n.1. She amended her complaint on November 13, 2025, naming Tommy Bahama Group Inc as a defendant. *Id.*

## III. LEGAL STANDARD

Removal requirements should be strictly construed. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A removing party bears the burden of establishing federal jurisdiction and must overcome a "strong presumption" against removal. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *Gaus*, 980 F.2d at 566. Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566; *but see Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA."). "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.3d at 566). If at any time before final judgment it appears that the federal district court lacks subject matter jurisdiction, "the case shall be remanded" to state court. 28 U.S.C. § 1447(c); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

## IV. DISCUSSION

"Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). "Among other things, that limitation requires a plaintiff to have standing." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 295–96 (2022). In the context of a class action, the class representatives must have standing. *See NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532 (9th Cir. 2019) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.") (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974))); see *also Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018,

1022 (9th Cir. 2003) ("[S]tanding is the threshold issue in any suit. If the individual plaintiff lacks standing, the court need never reach the class action issue."). Whether a plaintiff has Article III standing to proceed with this lawsuit implicates the Court's subject matter jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975) (stating that standing is jurisdictional).

Neither Peterson nor Tommy Bahama opposes remand. Joint Status Report at 2–3. Peterson declined to press additional jurisdictional arguments. *Id.* at 3. Tommy Bahama recognized that the court's reasoning in *Haley* applies to the instant case and indicated that Tommy Bahama reserves the right to file a second notice of removal. *Id.* at 2.

Plaintiff's claims arise under state law and rely on both Maryland's and Washington's CEMA statutes' prohibition against transmitting commercial emails containing "false or misleading information in the subject line." RCW 19.190.020(1)(b); MCEMA § 14-3002; *see also* Am. Compl. ¶¶ 3, 70–72, 101–103. The Court concludes that Peterson's complaint, like the complaint in *Haley*, fails to allege that she suffered a concrete harm. *See Haley v. Tommy Bahama Group, Inc.*, No. 2:25-cv-1969, 2026 WL 2797982. Peterson's complaint only alleges a statutory violation, which does not suffice to establish Article III standing to bring a claim in federal court. *See TransUnion v. Ramirez*, 594 U.S. 413, 427 (2021) ("an injury in law is not an injury in fact."); *see also Spokeo, Inc. v. Robins (Spokeo I)*, 578 U.S. 330, 341 (2016) *as revised* (May 24, 2016) ("Article III standing requires a concrete injury even in the context of a statutory violation."). In her complaint, Peterson does not expressly allege either tangible or intangible injury. Because Peterson lacks Article III standing, this Court lacks subject matter jurisdiction and must remand the case. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ("The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case.").

The Court notes that CAFA allows removal "during the first thirty days after the defendant receives an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." *Reyes v. Dollar Tree Stores, Inc.*, 781 F. 3d 1185, 1189 (9th Cir. 2015). If the Ninth Circuit's anticipated ruling in *Montes v. Penney Opco, LLC* ("*Montes II*"), No. 26-241 (9th Cir. 2026), resolves the jurisdictional question in Defendants' favor, such a ruling would qualify as an "intervening change in the law that 'gives rise to a new basis for subject-matter jurisdiction'" and "as a subsequent event that justifies a successive removal petition." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 789 (9th Cir. 2018). As such, Defendants would be permitted to file a second notice of removal within thirty days of that ruling. Because Defendants invoked CAFA among the grounds for federal jurisdiction in their Notice of Removal, their potential second notice of removal would be exempt from the typical one-year limitation that applies to removing cases. 28 U.S.C. § 1453(b); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015).

## V. CONCLUSION

For the foregoing reasons:

1. This case is remanded to the Circuit Court of Maryland for Baltimore County.

DATED this 13th day of October 2026.

Barbara Jacobs Rothstein
United States District Judge